# PATRICK J. BRACKLEY
− ATTORNEY AT LAW −
233 BROADWAY, SUITE 2370
NEW YORK, NY 10279
TEL. (212) 334-3736
FAX (212) 513-7068

August 17, 2025

**VIA ECF**

The Honorable J. Paul Oetken, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom
New York, New York  10007

    Re: <u>United States v. Hugo Montas</u> 0208 1:18 CR 00866-01 (JPO)

Dear Judge Oetken:

    I represent Hugo Montas who is scheduled to appear before the Court to address a pending Violation of Supervised Release at 2 p.m. on August 21, 2025.  I submit this letter to aid the Court in selecting an appropriate sentence.    For the reasons set forth below, I respectfully submit that, on these facts, it should impose Probation's recommended 24-month term to be followed by three years supervised release with the Court's own recommendation to BOP that this federal sentence run concurrently with the remainder of the four and one half year term Mr. Montas is currently serving in New York State upon his guilty plea to the Class B felony CPCS 3 (N.Y. Pen. L. § 220.16) underlying the violation.

A.    <u>The Offense Of Conviction</u>

    From July through October 16, 2018, Mr. Montas committed a Class A felony by conspiring to distribute between 10 and 30 kilograms of heroin, in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(A).  PSR, at ¶¶ 1,2,5.  On February 21, 2020, Your Honor imposed a safety-valve sentence of 48 months incarceration to be followed by three years supervised release.

B.    <u>The Violations</u>

    As set forth in Probation's June 23, 2023 Violation Report (hereinafter "Violation Report"), by concomitantly committing the crimes of Criminal Possession of a Controlled Substance in the First and Third Degrees by possessing five kilograms of heroin on May

10, 2024, Mr Montas committed Grade A violations of the mandatory condition of supervision against committing a crime.

Mr. Montas disposed of the offense underlying the violation by entering a guilty plea to the Class B felony CPCS 3 (N.Y. Pen. L. § 220.16) before Abraham Clott in part Tap B of the Supreme Court, NY County for which he was sentenced to the four and one half year term Mr. Montas is currently serving under DIN 24R1935.  See https://nysdoccslookup.doccs.ny.gov (last visited August 17, 2025)

C.   The Pertinent § 3553(a) Factors Militates For The Imposition Of No More Than A Guidelines Sentence Imposed To Run Concurrently.

Rule 32.1(d) of the Federal Rules of Criminal Procedure specifies that, when supervised release is revoked, the disposition is governed by 18 U.S.C.A. § 3583(e)(3). See also United States v. Brooks, 889 F.3d 95, 100 (2d Cir. 2018)(per curiam) ("Sentencing for violations of supervised release is governed by 18 U.S.C. § 3583.") When, as here, a defendant violates the terms of his supervised release by committing a Class A felony, the district court must revoke the term of supervised release, and require the defendant to serve a term of imprisonment. Brooks, 889 F.3d at 100 (citing 18 U.S.C. § 3583(e)(3)).  Section 3583(b) sets forth the maximum terms of supervised release a court may impose, unless a statute "otherwise provide[s]" a different term.  Id. (citing 18 U.S.C. § 3583(b)(2); United States v. Mora, 22 F.3d 409, 412 (2d Cir. 1994)). "Upon revocation, the district court may not impose a term of imprisonment greater than the statutory maximum terms set forth in 18 U.S.C. § 3583(e)(3)." Id.  If, as here, the underlying offense that led to the supervised release term was a Class A felony, the maximum is five years' imprisonment. 18 U.S.C. § 3583(e)(3).

The Sentencing Commission has issued policy statements for terms of imprisonment after revocation.  U.S.S.G. § 7B1.3 classifies violations. According to Probation, Mr. Montas's are Grade A Violations, for which the court is required to revoke supervised release. § 7B1.3(a)(1).   Violation Report, at p.2.  U.S.S.G. § 7B1.4 recommends sentencing ranges. For a violator in Criminal History Category I  whose original federal sentence was for a Class A felony and who has been newly convicted of a Grade A violation, § 7B1.4 recommends a sentence between 24-30 months.  Id. at 3; § 7B1.4.

 Although "the advisory provision in § 7B1.3(f) of the Sentencing Guidelines appears to make consecutive sentencing in the revocation setting mandatory, it has long been held that it is 3583(e)(3) that controls the determination, making it discretionary. See United States v. Bermudez, 974 F.2d 12, 13 (2d Cir.1992); United States v. Sparks, 19 F.3d 1099 (6th Cir.1994); United States v. Nottingham, 898 F.2d 390 (3d Cir.1990); United States v. Davis, 53 F.3d 638 (4th Cir.1995); United States v. Contreras–Martinez, 409 F.3d 1236, 1241 (10th Cir.2005) (despite "seemingly mandatory language ... [USSG] § 7B1.3(f) ... is merely an advisory policy statement").

18 U.S.C. § 3583(e), governing revocation of supervised release, instructs the court to look to § 3553(a) in selecting its violation sentence. The Court should consider all the § 3553(a) factors save those set forth in § 3553(a)(2)(A). Those (a)(2)(A) factors include the retributive concerns: the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Because supervised release is not part of the punishment, the omission of the § 3553(a)(2)(A) factors accords with the purpose of supervised release, which is to fulfill rehabilitative ends, distinct from those served by incarceration.

D.   <u>Conclusion</u>

For the forgoing reasons, Mr. Montas respectfully requests that the Court sentence him as suggested herein.

Respectfully submitted,

<u>s/ Patrick J. Brackley</u>
Patrick J. Brackley (PJB 6808)

cc: AUSA Nicholas Chiuchiolo